IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEBRA J. BRENT, | * |
| Plaintiff, | * |
| v. | *   Civ. No. JKB-22-1349 |
| DUNCAN CRAMER, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM AND ORDER**

The Court is in receipt of Plaintiff Debra J. Brent's Amended Status Report (ECF No. 59) and Defendants Duncan Cramer and Joshua Roberts's responsive Status Report (ECF No. 62). In light of Ms. Brent's pro se status, the Court will construe her Amended Status Report as a motion and will consider her requests.

Ms. Brent appears to raise issues pertaining to: (1) the late-received Cumberland Police Department 2023 Policies and Procedures Manual (the "Manual"); (2) a written complaint against Duncan Cramer (the "Complaint'); and (3) the complete and up-to-date police file (the "File"). The Court has previously ordered the Defendants to produce the Complaint and the File. (ECF No. 51.) The Court will address each issue in turn.

1. **The Manual**. To begin, Ms. Brent avers that she received the Manual "last-minute," and she describes various ways in which she feels the "last-minute" receipt of this document has prejudiced her. (ECF No. 59 at 1–2.) The Court, however, is skeptical of Ms. Brent's claims on this topic for several reasons. First, Ms. Brent's submission fails to tell the Court when she actually received the document, making it difficult to

evaluate her claim that it was received "last-minute." Second, the Court can infer from her submission that, at a minimum, Ms. Brent received the document *before* submitting her summary judgment brief, undermining her claim of prejudice regarding her ability to put together that document. Last, the Defendants aver (and the Court has confirmed) that the document is publicly available on the City of Cumberland Police Department's website, along with other relevant materials.[1] Because Ms. Brent has, apparently, always had access to this document, her complaints about when she received it from the Defendants lose all significance. Accordingly, to the extent Ms. Brent seeks relief with regard to the Manual, such relief will be denied.

2. **The Complaint.** Plaintiff states that she has not received a copy of a written complaint against Mr. Cramer, which Mr. Cramer mentioned during his deposition. Mr. Cramer, however, avers that "[n]o such document exists." (ECF No. 62 at 2.) Apparently, Mr. Cramer was mistaken in his testimony and a representative of the City of Cumberland Police Department has confirmed that no such written complaint exists regarding the incident referenced by Mr. Cramer during his testimony. Defendants are not required to produce documents that do not exist and accordingly, to the extent Ms. Brent seeks to compel such production, her request will be denied.

3. **The File.** Plaintiff states that she is "awaiting a complete and updated police file." (ECF No. 59 at 2.) Defendants respond that they have produced "all of the reports and records that the agency states are in its possession" and that City of Cumberland Police Department personnel have twice been asked to check for responsive documents and confirmed that no further records exist. (ECF No. 62 at 2–3.) Ms. Brent does not offer

---

[1] *See* https://www.ci.cumberland.md.us/DocumentCenter/View/4114/2023-Policy-and-Procedure.

any details explaining why she believes that the documents she has received are not complete or up to date. Accordingly, because it appears that Defendants have complied with the Court's previous Order as well as their discovery obligations on this point, to the extent Ms. Brent seeks further relief regarding the File, that request will be denied.

Accordingly, to the extent Plaintiff's Amended Status Report (ECF No. 59) seeks relief from the Court, such relief is DENIED.

DATED this  17  day of May, 2024.

BY THE COURT:

_____
James K. Bredar
United States District Judge